Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

Case No. __4:24CN3105__
*(to be filled in by the Clerk's Office)*

**KENNETH W CLARK**

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

**CAPITAL HUMANE SOCIETY**

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | KENNETH W CLARK |
| Street Address | 4700 W.F St |
| City and County | Lincoln, Lancaster |
| State and Zip Code | Nebraska  68522 |
| Telephone Number | 402 661 3771 |
| E-mail Address | |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

Name      Officer Steen #93

Job or Title *(if known)*      Animal Contro

Street Address      3131 O. St

City and County      Lincoln Lancaster

State and Zip Code      Nebraska 68510

Telephone Number      402 441 7900

E-mail Address *(if known)*

**Defendant No. 2**

Name      Officer Finelli#84

Job or Title *(if known)*      Officer Stano Animal Contro

Street Address      3131 O. St

City and County      Lincoln Lancaster

State and Zip Code      Nebraska 68510

Telephone Number      402 441 7900

E-mail Address *(if known)*

**Defendant No. 3**

Name      Officer Reel bonderger #86

Job or Title *(if known)*      Animal Contro

Street Address      3131 O. St

City and County      Lincoln Lancaster

State and Zip Code      Nebraska 68510

Telephone Number      402 441 7900

E-mail Address *(if known)*

**Defendant No. 4**

Name      Rick tast

Job or Title *(if known)*      City Attorney office

Street Address      555 10Th St Suite 300

City and County      Lincoln. Lancaster

State and Zip Code      Nebraska 68510

Telephone Number      402 441 72.81

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

[✓] Federal question          [✓] Diversity of citizenship


Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Due Process of law
Federal rules and codes 29-814.04 28-907
Statue 28-520 criminal trespass 28-517 28-313
25-2121 25-2023 and 25-218 30-2722 30-810 7-101 7-104
79-956 28-923 28-638 28-638 Violaton of law

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* __Kenneth w Clark__ , is a citizen of the State of *(name)* __Lancaster Lincoln Nebraska__

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____

and has its principal place of business in the State of *(name)* _____

_____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* __Finelli #84__ , is a citizen of the State of *(name)* __Lincoln Nebraska__ . Or is a citizen of *(foreign nation)* __Lancaster__ .

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

     b.     If the defendant is a corporation

The defendant, *(name)* _Rick test_, is incorporated under
the laws of the State of *(name)* _Lincoln Nebraska_ and has its
principal place of business in the State of *(name)* _City attorney_
Or is incorporated under the laws of *(foreign nation)* _____
and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_#$500,000 thousand of dollars._

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

_The day of 12-5-2023 they trespassing on private property and kidnap my dog by theft without my authorized. Viclation of wrongful claim out of City limits Jared district federal law Joint in tennis Joint 30-810 survivor under military law._

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_~~State by~~ Theft by receiving stolen property and trespassing on private without search warrant or probable cause. Criminal charges court contempt 25-2121 Violation court order Ci23-1874. ~~To~~ be federal 25-218 Statue of limitation wrongful claim 30-810. And law practice license need be taken away. I asked the defendants Statue of Violation 28-638 7-101 7-104. I asked the court to serve the defendant._

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    05-22-2024

Signature of Plaintiff    KENNETH W CLARK

Printed Name of Plaintiff    Kenneth w Clark

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Street Address    _____
State and Zip Code    _____
Telephone Number    _____
E-mail Address    _____

# ...ebraska State Constitution
# Article I-3

Nebraska State Constitution  »  I-3

[ ‹ I-2 | 🖶 Print Friendly | I-4 › ]

## Article I-3

## I-3.

Due process of law; equal protection.

No person shall be deprived of life, liberty, or property, without due process of law, nor be denied equal protection of the laws.

## Source

📖 Neb. Const. art I, sec. 3 (1875);
📖 Amended 1998, Laws 1997, LR 20CA, sec. 1.

## Annotations

**1. Criminal prosecutions**

**2. Vague or overbroad**

**3. Arbitrary or unreasonable**

**4. Procedural due process**

**5. Reasonable regulation**

**6. Fundamental rights**

**7. Deprived of property**

### 8. Contract rights

### 9. Labor and employment

### 10. Taxes and special assessments

### 11. Laws held generally to violate due process

### 12. Laws held generally not to violate due process

### 13. Miscellaneous

### 1. Criminal prosecutions

For the issue involving specialized knowledge to be a significant factor, the issue must be one likely to make a difference as to the outcome if the defendant is successful in contesting it. State v. Wood, 310 Neb. 391, 966 N.W.2d 825 (2021).

https://nebraskalegislature.gov/laws/statutes.php?statute=28-907

# ...ebraska Revised Statute 28-907

Revised Statutes  »  Chapter 28  »  28-907

🖶 Print Friendly

| ‹ 28-906 | Chapter 28 Index | 28-908 › |

## Chapter 28

### 28-907.

False reporting; penalty.

(1) A person commits the offense of false reporting if he or she:

(a) Furnishes material information he or she knows to be false to any peace officer or other official with the intent to instigate an investigation of an alleged criminal matter or to impede the investigation of an actual criminal matter;

(b) Furnishes information he or she knows to be false alleging the existence of the need for the assistance of an emergency medical service or emergency care provider or an emergency in which human life or property are in jeopardy to any hospital, emergency medical service, or other person or governmental agency;

(c) Furnishes any information, or causes such information to be furnished or conveyed by electric, electronic, telephonic, or mechanical means, knowing the same to be false concerning the need for assistance of a fire department or any personnel or equipment of such department;

(d) Furnishes any information he or she knows to be false concerning the location of any explosive in any building or other property to any person; or

(e) Furnishes material information he or she

**Lancaster County, NE**
**Assessor/Register of Deeds**

Dan Nolte

**Receipt: 595359**

| Product | Name | | Extended |
|---|---|---|---|
| ORDER | Order | | $22.00 |
| | # Pages | | 3 |
| | Document # | | 2023036764 |
| | No Charge | | false |
| | # Lots | | 1 |
| | Return Address | | KENNETH CLARK |
| | | | 2426 S 8TH ST |
| | | | LINCOLN NE 68502 |
| | eRecording Submitter | | n/a |
| Filing Fee | | | $18.50 |
| Tech Fund | | | $3.50 |
| **Total** | | | **$22.00** |
| Tender (Cash) | | | $22.00 |
| Paid By | KENNETH CLARK | | |

Thank You

1

County-City Building
Lincoln, Nebraska 68508-2864

**Mon Dec 11 15:26:25 CST 2023 cporac**

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI230001874
Transaction ID: 0020457488
Filing Date: 09/08/2023 01:33:25 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

|  |  |  |
|---|---|---|
| ESTATE OF WILLIE LOMACK, JR., by and through, LISA LOMACK, PERSONAL REPRESENTATIVE, | ) ) ) ) ) | CASE NO.  CI 23 - 1874 |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| KENNETH W. CLARK, | ) ) ) | |
| Defendant. | ) | |

### ~~*Failed*~~ ORDER QUIETING TITLE

This matter ~~came~~ *Failed* before the Court on Plaintiff's Application for Judgement by default to Quiet Title. Plaintiff, Estate Of Willie Lomack, Jr. appeared by and through, Lisa Lomack, Personal Representative appearing with her Attorney, W. Randall Paragas and the Defendant, Kenneth W. Clark appeared. The Plaintiff's Attorney elicited testimony from the Personal Representative and introduced exhibits intended to prove the allegations in the Petition true.  The Court having heard the testimony, received the exhibits herein and having been advised in the premises finds:

1.  The Court has jurisdiction over the Parties and the real property which is the subject of this suit.
2.  The Defendant was properly served with a copy of the Complaint on June 28, 2023.
3.  The Defendant has failed to file a proper responsive Pleading to Plaintiff's Complaint within the time period allowed by law.
4.  The Plaintiff has shown by a preponderance of the evidence that the Estate of Willie Lomack, Jr. should be awarded sole title to the real property which is the subject of this suit.
5.  Plaintiff is entitled to fee simple title in and to the real property which is the subject of this suit.

1. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff has established fee simple title in and to the real property located at 4700 West "F" Street, Lincoln, Nebraska, 68522, and legally described as follows:

CUSHMAN PARK, Lot M, EX RR ROW

25-202

And that the adverse claim of the Defendant and everyone claiming any lien, or right to title or interest in or to said real property herein in fee simple be and is forever barred, quieted and set at rest.

25-218

_____
DISTRICT COURT JUDGE

Submitted by:

**W. Randall Paragas**, #18382
Paragas Law Offices
9202 West Dodge Road, Suite 307
Omaha, Nebraska 68114
wrpneb@aol.com
(402) 926-2300
Attorney for Plaintiff

# TROY L. HAWK
## CLERK of the DISTRICT COURT
## LANCASTER COUNTY
575 South 10th Street
Lincoln, Nebraska  68508-2810
402-441-7328/FAX 402-441-6190

## IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

## --CERTIFICATE--

I, Nicole M. Miller, Deputy Clerk of the District Court of Lancaster County,

Nebraska, do hereby certify that the foregoing is/are a full and correct copy/copies of the

Original instrument(s) duly filed and of record in this Court.  This Certificate, which bears

the seal of the District Court of Lancaster County, State of Nebraska, USA, was signed on

DEC 1 8 2023



By: _____
Nicole M. Miller, Deputy Clerk

The official site of the Nebraska Unicameral Legislature

1 Home

Chamber Viewer

Legislature

Bills and Laws

Calendar

Committees

Legislative Divisions

Legislative Histories

News

Reports

Senators

Session Information

Transcripts

For Agencies

For Citizens

For Journalists

For Lobbyists

For Students and Teachers

## Nebraska Revised Statute 81-8,227

🖶 Print Friendly

Revised Statutes  ≫  Chapter 81  ≫  81-8,227

⟨ 81-8,226 | Chapter 81 Index | 81-8,228 ⟩

Chapter 81

### 81-8,227.

**Tort claim; limitation of action.**

(1) Except as provided in subsection (2) of this section, every tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made in writing to the Risk Manager in the manner provided by such act. The time to begin suit under such act shall be extended for a period of six months from the date of mailing of notice to the claimant by the Risk Manager or State Claims Board as to the final disposition of the claim or from the date of withdrawal of the claim under section 81-8,213 if the time to begin suit would otherwise expire before the end of such period.

(2) The date of a qualifying pardon from the Board of Pardons, a final order by a court vacating a conviction, or a conviction that was reversed and remanded for a new trial and no subsequent conviction was obtained, whichever is later, shall be the date the claimant's claim shall accrue under the Nebraska Claims for Wrongful Conviction and Imprisonment Act for purposes of complying with the notice and filing requirements of the State Tort Claims Act. The Nebraska Claims for Wrongful Conviction and Imprisonment Act applies to a claimant who would have had a claim if the act had been in effect before August 30, 2009, or who has a claim on or after such date. If a claimant had a qualifying pardon from the Board of Pardons, a final order by a court vacating a conviction, or a conviction that was reversed and remanded for a new trial and no subsequent conviction was obtained, before August 30, 2009, the claimant's claim shall accrue under the Nebraska Claims for Wrongful Conviction and Imprisonment Act on August 30, 2009, for purposes of complying with the notice and filing requirements of the State Tort Claims Act.

(3) If a claim is made or filed under any other law of this state and a determination is made by a state agency or court that the State Tort Claims Act provides the exclusive remedy for the claim, the time to make a claim and begin suit under such act shall be extended for a period of six months from the date of the court order making such determination or the date of mailing of notice to the claimant of such determination by a state agency if the time to make the claim and to begin suit under such act would otherwise expire before the end of such period. The time to begin a suit under such act may be further extended as provided in subsection (1) of this section.

(4) If a claim is brought under the Nebraska Hospital-Medical Liability Act, the filing of a request for review under section 44-2840 shall extend the time to begin suit under the State Tort Claims Act an additional ninety days following the issuance of the opinion by the medical review panel if the time to begin suit under the State Tort Claims Act would otherwise expire before the end of such ninety-day period.

(5) This section and section 25-213 shall constitute the only statutes of limitations applicable to the State Tort Claims Act.

### Source

- Laws 1969, c. 756, § 19, p. 2851;
- Laws 1974, LB 949, § 3;
- Laws 1984, LB 692, § 21;
- Laws 1988, LB 864, § 38;
- Laws 2008, LB821, § 7;

The official site of the Nebraska Unicameral Legislature

# Nebraska Revised Statute 30-2483

Revised Statutes  »  Chapter 30  »  30-2483

🖶 Print Friendly

| < 30-2482 | Chapter 30 Index | 30-2484 > |

**Home**

Chamber Viewer

Legislature

Bills and Laws

Calendar

Committees

Legislative Divisions

Legislative Histories

News

Reports

Senators

Session Information

Transcripts

For Agencies

For Citizens

For Journalists

For Lobbyists

For Students and
Teachers

## Chapter 30

### 30-2483.

#### Notice to creditors.

(a) Unless notice has already been given under this article and except when an appointment of a personal representative is made pursuant to subdivision (4) of section 30-2408, the clerk of the court upon the appointment of a personal representative shall publish a notice once a week for three successive weeks in a newspaper of general circulation in the county announcing the appointment and the address of the personal representative, and notifying creditors of the estate to present their claims within two months after the date of the first publication of the notice or be forever barred. The first publication shall be made within thirty days after the appointment. The party instituting or maintaining the proceeding or his or her attorney is required to mail the published notice and give proof thereof in accordance with section 25-520.01.

(b) If the decedent was fifty-five years of age or older or resided in a medical institution as defined in subsection (1) of section 68-919, the notice shall also be provided to the Department of Health and Human Services with the decedent's social security number and, if the decedent was predeceased by a spouse, the name and social security number of such spouse. The notice shall be provided to the department in a delivery manner and at an address designated by the department, which manner may include email. The department shall post the acceptable manner of delivering notice on its website. Any notice that fails to conform with such manner is void.

### Source

- Laws 1974, LB 354, § 161, UPC § 3-801;
- Laws 1978, LB 650, § 18;
- Laws 2008, LB928, § 1;
- Laws 2017, LB268, § 3;
- Laws 2019, LB593, § 1.

### Annotations

Where the debt was for deferred wages earned by the claimant during the decedent's life, rather than wages earned after the decedent's death or an administrative expense of the estate, a claim must be filed pursuant to this section in order for the debt to be a valid debt of the estate. In re Estate of Lakin, 310 Neb. 271, 965 N.W.2d 365 (2021).

The 3-year limitations period of section 30-2485(a)(2) applied to the Department of Health and Human Services' Medicaid estate recovery claim because the personal representative failed to send notice to the department within 5 days of the date on which notice to creditors was first published, as required by this section and section 25-520.01. In re Estate of Cushing, 283 Neb. 571, 810 N.W.2d 741 (2012).

This section requires notice to be sent to the Department of Health and Human Services under certain circumstances. To comply with this requirement, notice must be sent in accordance with section 25-520.01. In re Estate of Cushing, 283 Neb. 571, 810 N.W.2d 741 (2012).

**JOURNAL ENTRY AND ORDER(S)**

IN THE COUNTY COURT OF LANCASTER COUNTY, NEBRASKA

Estate of Willie Lomack Jr vs Clark

Printed on 10/23/2023 at  9:43
Room 02C21

Case ID: CI 23   9434

Page    1
Decision Date 10/23/2023

=================================================================================

**A P P E A R A N C E S**

| | | |
|---|---|---|
| Judge | Rodney Reuter | Appeared |
| Defendant | Kenneth Clark | Did NOT Appear |
| Defendant | John Does | Did NOT Appear |
| Defendant | Jane Does | Did NOT Appear |
| Plaintiff | The Estate Of Willie Lomack Jr | Did NOT Appear |
| Counsel | W R Paragas | Did NOT Appear |
| Plaintiff | Lisa Lomack | Did NOT Appear |
| Counsel | W R Paragas | Did NOT Appear |

**A D D I T I O N A L   E N T R I E S   O F   R E C O R D**

MATTERS HAS BEEN DISMISSED DEF MOTIONS ARE MOOT.

IT IS SO ORDERED.

Hon. _____   10/23/2023   LEO _____
     Rodney Reuter              Date          Bailiff

Tape Nos. DIGITAL _____

Kenneth Clark
2426 S8th St

Lincoln, NE 68502

**FILED BY**
Clerk of the Lancaster County Court
10/23/2023

JOURNAL ENTRY AND ORDER(S)

```
                 IN THE COUNTY COURT OF LANCASTER COUNTY, NEBRASKA
Jr. E Lomack v. Kenneth Clark                    Printed on 11/21/2023 at  9:15
                                                                 Room 02C21
Case ID: CI 23   11423                                           Page    1
                                                  Decision Date 11/21/2023
================================================================================
```

**A P P E A R A N C E S**

```
  Judge          Rodney Reuter              Appeared
  Defendant      Kenneth Clark              Appeared
  Defendant      Jane Does                  Did NOT Appear
  Defendant      John Does                  Did NOT Appear
  Plaintiff       Jr. E Lomack              Did NOT Appear
    Counsel      W R Paragas                Appeared
  Plaintiff      Lisa Lomack                Did NOT Appear
    Counsel      W R Paragas                Appeared
```

**Taken under advisement.**

Hon. _____  ___/21/2023   JKA _____
            Rodney Reuter                   Date          Bailiff

                              Tape Nos. DIGITAL _____


Kenneth Clark
4700 West "F" Street

Lincoln, NE 68522

**FILED BY**
Clerk of the Lancaster County Court
11/21/2023



The official site of the Nebraska Unicameral Legislature

1 Home

Chamber Viewer

Legislature

Bills and Laws

Calendar

Committees

Legislative Divisions

Legislative Histories

News

Reports

Senators

Session Information

Transcripts

For Agencies

For Citizens

For Journalists

For Lobbyists

For Students and
Teachers

# Nebraska Revised Statute 29-814.04

Revised Statutes  »  Chapter 29  »  29-814.04

🖶 Print Friendly

‹ 29-814.03 | Chapter 29 Index | 29-814.05 ›

## Chapter 29

## 29-814.04.

**Search warrant; issuance on written affidavit or oral statement; contents; restriction.**

If the magistrate or judge is satisfied that probable cause exists for the issuance of a search warrant, as a result of written affidavit or oral statement authorized pursuant to sections 29-814.01 and 29-814.02, the magistrate or judge shall issue the warrant which shall identify the person or place to be searched and the person or property to be seized. The warrant shall be directed to a law enforcement officer of the State of Nebraska or one of its governmental subdivisions, which officer shall be specifically named or described by the title of his or her office in the warrant. The warrant shall state whether the grounds or proper cause of its issuance is a written affidavit, an oral statement, or a combination of both. The warrant shall indicate the name or names of the person or persons whose affidavit or statement has been taken in support thereof. The warrant shall command the officer named in the warrant to search the person or place named for the purpose specified. The warrant shall direct that it be served in the daytime unless the magistrate or judge is satisfied that the public interest requires that it should not be so restricted, in which case the warrant may direct that it may be served at any time. The warrant shall designate the magistrate or judge to whom it shall be returned. For purposes of this section, daytime shall mean the hours from 7 a.m. to 8 p.m. according to local time.

## Source

📄 Laws 1980, LB 731, § 4;
📄 Laws 1989, LB 267, § 1.

## Annotations

An affidavit in support of a search warrant need not contain a separate statement of facts showing why the public interest requires that the warrant be served at night. In order for the nighttime search to be valid, if the affidavit, read in a commonsense manner and as a whole, reasonably supports the inference that the interests of justice are best served by the authorization of nighttime service of a search warrant, provision for such service in the warrant is proper. State v. Ramirez, 274 Neb. 873, 745 N.W.2d 214 (2008).

A factual basis that shows the reviewing judicial officer that the public interest requires a nighttime search is a prerequisite to the issuance of a warrant authorizing a nighttime search under this section. State v. Fitch, 255 Neb. 108, 582 N.W.2d 342 (1998).

Where the use of the catchall phrase "John and/or Jane Doe" is not based on probable cause that all persons to whom the phrase might be applied will be engaged in illegal activity, the warrant does not satisfy the requirements of this section. State v. Pecha, 225 Neb. 673, 407 N.W.2d 760 (1987).

In order to authorize the issuance of a search warrant for service during the nighttime, the magistrate or judge must only be satisfied from a commonsense reading of the affidavit in support of such issuance that it reasonably supports the inference that the interests of justice are best served by the authorization of such nighttime service. An affidavit in support of the issuance of a search warrant which alleges facts which would lead a reasonable person to believe that a delay in service of the

**IN THE COUNTY COURT OF LANCASTER COUNTY, NEBRASKA**

Willie Lomack Jr, Deceased

Case ID: PR 21    865

Printed on 11/01/2023 at  1:59
Room 02C26
Page    1
Decision Date 11/01/2023

=================================================================================

**A P P E A R A N C E S**

| | | |
|---|---|---|
| Judge | Holly J Parsley | Appeared |
| Interested Party | Kenny W Clark | Appeared |
| Objector | Lisa Lomack | Did NOT Appear |
|   Counsel | W R Paragas | Appeared |
| Petitioner | Precious L Perry | Did NOT Appear |
| Personal Representative | Lisa Lomack | Did NOT Appear |
|   Counsel | W R Paragas | Appeared |

**H E A R I N G**

Hearing held on OTSC - FUTHER DISPOSTION

**N O T I C E   O F   H E A R I N G S**

Case continued to 12/06/2023 at 11:00 AM
in County  Courtroom  26  for Show Cause Hrg - OTSC - FUTHER DISPOSTION

**A D D I T I O N A L   E N T R I E S   O F   R E C O R D**

EVICTION TO BE FILED THIS AFTERNOON,

IT IS SO ORDERED.

Ion.    _____        11/01/2023      LF _____
        Holly J Parsley              Date          Bailiff

                                 Tape Nos. DIGITAL _____

Kenny W Clark
2426 S 8th St
Lincoln, NE 68502-3407

**FILED BY**
Clerk of the Lancaster County Court
11/01/2023

*The official site of the Nebraska Unicameral Legislature*

# Nebraska Revised Statute 30-2722

Revised Statutes  »  Chapter 30  »  30-2722

🖶 Print Friendly

| ‹ 30-2721 | Chapter 30 Index | 30-2723 › |

**Chapter 30**

## 30-2722.

### Ownership during lifetime.

(a) In this section, net contribution of a party means the sum of all deposits to an account made by or for the party, less all payments from the account made to or for the party which have not been paid to or applied to the use of another party and a proportionate share of any charges deducted from the account, plus a proportionate share of any interest or dividends earned, whether or not included in the current balance. The term includes deposit life insurance proceeds added to the account by reason of death of the party whose net contribution is in question.

(b) During the lifetime of all parties, an account belongs to the parties in proportion to the net contribution of each to the sums on deposit, unless there is clear and convincing evidence of a different intent. As between parties married to each other, in the absence of proof otherwise, the net contribution of each is presumed to be an equal amount.

(c) A beneficiary in an account having a POD designation has no right to sums on deposit during the lifetime of any party.

(d) An agent in an account with an agency designation has no beneficial right to sums on deposit.

## Source

📖 Laws 1993, LB 250, § 8.

## Annotations

A gift by the owner from a payable-on-death account does not create a right of reimbursement in the payable-on-death beneficiary. In re Trust of Rosenberg, 273 Neb. 59, 727 N.W.2d 430 (2007).

A certificate of deposit in the names of multiple parties is a type of joint account. Peterson v. Peterson, 230 Neb. 479, 432 N.W.2d 231 (1988).

In view of the language of this section, clear and convincing evidence is required to sustain a finding of undue influence in effecting a change in the ownership of a joint account. Peterson v. Peterson, 230 Neb. 479, 432 N.W.2d 231 (1988).

Like testamentary devices, under this section the creation of a joint account, without more, accomplishes no present transfer of title to property. Peterson v. Peterson, 230 Neb. 479, 432 N.W.2d 231 (1988).

A joint account, during the lifetime of the parties, belongs to the parties in proportion to the net contributions by each to the account, unless there is clear and convincing evidence of other intent. Craig v. Hastings State Bank, 221 Neb. 746, 380 N.W.2d 618 (1986).

The concepts of this section should inform the interpretation of section 30-2314 regarding the evidence necessary to establish the source of property owned by the surviving spouse. In re Estate of Ross, 19 Neb. App. 355, 810 N.W.2d 435 (2011).

1 Home

Chamber Viewer          ▸

Legislature             ▸

Bills and Laws          ▸

Calendar

Committees              ▸

Legislative Divisions   ▸

Legislative Histories

News

Reports                 ▸

Senators                ▸

Session Information

Transcripts

For Agencies

# ♟NEBRASKA LEGISLATURE

*The official site of the Nebraska Unicameral Legislature*

♟ Home

New for 2024

Chamber Viewer ▸

Legislature ▸

Bills and Laws ▸

Calendar

Committees ▸

Legislative Divisions ▸

Legislative Histories

News

Reports ▸

Senators ▸

Session Information

Transcripts

For Agencies

For Citizens

For Journalists

For Lobbyists

For Students and

# Nebraska Revised Statute 79-956

Revised Statutes ≫ Chapter 79 ≫ 79-956

🖨 Print Friendly

< 79-955 | Chapter 79 Index | 79-957 >

Chapter 79

## 79-956.

Death of member before retirement; contributions; how treated; direct transfer to retirement plan; death while performing qualified military service; additional death benefit.

(1)(a) Except as provided in section 42-1107, if a member dies before the member's retirement date, the member's accumulated contributions shall be paid pursuant to section 79-969.

(b) Except for payment to an alternative payee pursuant to a qualified domestic relations order, if no legal representative or beneficiary applies for such accumulated contributions, the contributions shall be distributed in accordance with the Uniform Disposition of Unclaimed Property Act.

(2) When the deceased member has twenty years or more of creditable service regardless of age or dies on or after his or her sixty-fifth birthday and leaves a surviving spouse who has been designated by the member as the sole surviving primary beneficiary, on forms provided by the board, as of the date of the member's death, such beneficiary may elect, within twelve

# ⚑ NEBRASKA LEGISLATURE

*The official site of the Nebraska Unicameral Legislature*

- ⚑ Home
- New for 2024
- Chamber Viewer ▶
- Legislature ▶
- Bills and Laws ▶
- Calendar
- Committees ▶
- Legislative Divisions
- Legislative Histories
- News
- Reports ▶
- Senators ▶
- Session Information
- Transcripts
- For Agencies
- For Citizens
- For Journalists
- For Lobbyists
- For Students and

# Nebraska Revised Statute 28-928

Revised Statutes  ≫  Chapter 28  ≫  28-928

🖶 Print Friendly

| ‹ 28-927 | Chapter 28 Index | 28-929 › |

## Chapter 28

## 28-928.

Mutilating a flag; penalty; flag, defined.

(1) A person commits the offense of mutilating a flag if such person intentionally casts contempt or ridicule upon a flag by mutilating, defacing, defiling, burning, or trampling upon such flag.

(2) Flag as used in this section shall mean any flag, ensign, banner, standard, colors, or replica or representation thereof which is an official or commonly recognized symbol of the United States or the State of Nebraska.

(3) Mutilation of a flag is a Class III misdemeanor.

## Source

📖 Laws 1977, LB 38, § 213.



# Alternative
## Funeral and Cremation Services (https://lincolnalternativefuneral.com/)

Home (https://lincolnalternativefuneral.com/)    Our Services (https://lincolnalternativefuneral.com/Our-Services)

Obituaries (https://lincolnalternativefuneral.com/Obituaries)    Contact Us (https://lincolnalternativefuneral.com/Contact-Us)

28-928

Obituaries (https://lincolnalternativefuneral.com/Obituaries)

*Those we love don't go away, they walk beside us every day.  Unseen, unheard, but always near, still loved, still missed and very dear.*

## Obituaries



### William Lomack, Jr.

Posted on 8/5/2021 by



Willie Lomack, Jr., 65, of Lincoln, October 8, 1955-July 28, 2021

Willie Lomack Jr. was born on October 8, 1955, in Lincoln, Nebraska to Jessie Lee and Willie Lomack. Willie passed away Wednesday July 28, 2021.  He worked for Nebraska Department of Roads in the Personnel Department as a Safety Specialist for 32 years.  Willie enlisted in the United States Army at age 18 he served from 1974 until 1985 as a communication specialist/Electrician supervisor and in the Special Forces.  Willie is survived by: Kenneth William Clark, William Eric Lomack, and Alexander Jay Lomack. Siblings: Sisters - Ruby Lee Lomack and Precious Sherry Lomack Perry. Brothers - Terry Dale Lomack (LueVonne Murrell Lomack) and Stevie Jaye Lomack (Gladys Lomack).

Graveside Service 12:00 pm Saturday, August 21, 2021 at Wyuka Cemetery, Lincoln, NE.

Memorials to the family for future designation.

To view a recording of the Family Graveside Service Held August 6, 2021 please click the link below.

https://vimeo.com/583900578 (https://vimeo.com/583900578)

### Older Obituaries

- November 2023 (https://lincolnalternativefuneral.com/Obituaries/month/11/year/2023) (3)
- October 2023 (https://lincolnalternativefuneral.com/Obituaries/month/10/year/2023) (7)
- September 2023 (https://lincolnalternativefuneral.com/Obituaries/month/9/year/2023) (6)
- August 2023 (https://lincolnalternativefuneral.com/Obituaries/month/8/year/2023) (3)
- July 2023 (https://lincolnalternativefuneral.com/Obituaries/month/7/year/2023) (3)
- June 2023 (https://lincolnalternativefuneral.com/Obituaries/month/6/year/2023) (1)

Print Friendly

| 30-809 | Chapter 30 Index | 30-901 |

Chapter 30

## 30-810.

### Action for wrongful death; limitation; in whose name brought; judgment; disposition of avails; compromise of claim; procedure.

Every such action, as described in section 30-809, shall be commenced within two years after the death of such person. It shall be brought by and in the name of the person's personal representative for the exclusive benefit of the widow or widower and next of kin. The verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained. The avails thereof shall be paid to and distributed among the widow or widower and next of kin in the proportion that the pecuniary loss suffered by each bears to the total pecuniary loss suffered by all such persons. A personal representative shall not compromise or settle a claim for damages hereunder until the court by which he or she was appointed shall first have consented to and approved the terms thereof. The amount so received in settlement or recovered by judgment shall be reported to and, if so ordered, paid into such court for distribution, subject to the order of such court, to the persons entitled thereto after a hearing thereon and after notice of such hearing and of the time and place thereof has been given to all persons interested by publication three successive weeks in a legal newspaper published within the county or, if no legal newspaper is published within the county, then in a legal newspaper published in an adjoining county, except that the court for good cause shown may provide for a different method or time of giving notice and a person, including a guardian ad litem, conservator, or other fiduciary, may waive notice or any other requirement for the mailing or receipt of instruments by a writing signed by him or her and filed in the proceeding. Such amount shall not be subject to any claims against the estate of such decedent. When the amount of such settlement or judgment is ordered to be paid into the court and is five thousand dollars or more, the county court shall forthwith upon such settlement or payment of such judgment place such amount in interest-bearing certificates of deposit or a savings account in a banking institution pending the entry of an order of distribution by the court, and such interest that may accumulate pending the entry of such order shall be distributed in the same proportions as the settlement or judgment. The hearing to approve the terms of the compromise or settlement and the hearing for distribution of the amount so received in settlement or recovered by judgment may be combined into one hearing.

### Source

G.S.1873, c. 15, § 2, p. 273;
Laws 1907, c. 47, § 1, p. 190;
R.S.1913, § 1429;
Laws 1919, c. 92, § 1, p. 235;
C.S.1922, § 1383;
C.S.1929, § 30-810;
Laws 1937, c. 75, § 1, p. 264;
C.S.Supp.,1941, § 30-810;
R.S.1943, § 30-810;
Laws 1945, c. 66, § 1, p. 263;
Laws 1971, LB 441, § 1;
Laws 1990, LB 579, § 1.

### Cross References

Mailing copy of published notice to parties required, see section 25-520.01 et seq.

### Annotations

1. Petition

2. Damages

3. Action by personal representative

4. Procedure

5. Disposition of avails

6. Miscellaneous

1. Petition

# Nebraska Revised Statute 30-2412

Revised Statutes » Chapter 30 » 30-2412

🖶 Print Friendly

‹ 30-2411 | Chapter 30 Index | 30-2413 ›

**Chapter 30**

## 30-2412.

**Priority among persons seeking appointment as personal representative.**

(a) Whether the proceedings are formal or informal, persons who are not disqualified have priority for appointment in the following order:

(1) the person with priority as determined by a probated will including a person nominated by a power conferred in a will;

(2) the surviving spouse of the decedent who is a devisee of the decedent;

(3) other devisees of the decedent;

(4) the surviving spouse of the decedent;

(5) other heirs of the decedent;

(6) forty-five days after the death of the decedent, any creditor.

(b) An objection to an appointment can be made only in formal proceedings. In case of objection the priorities stated in (a) apply except that

(1) if the estate appears to be more than adequate to meet exemptions and costs of administration but inadequate to discharge anticipated unsecured claims, the court, on petition of a creditor, may appoint any qualified person;

(2) in case of objection to appointment of a person other than one whose priority is determined by will by an heir or devisee appearing to have a substantial interest in the estate, the court may appoint a person who is acceptable to heirs and devisees whose interests in the estate appear to be worth in total more than half of the probable distributable value or, in default of this accord, any suitable person.

(c) A person entitled to letters under (2) through (5) of (a) above, and a person aged eighteen and over who would be entitled to letters but for his age, may nominate a qualified person to act as personal representative. Any person aged eighteen and over may renounce his right to nominate or to an appointment by appropriate writing filed with the court. When two or more persons share a priority, those of them who do not renounce must concur in nominating another to act for them, or in applying for appointment.

(d) Conservators of the estates of protected persons, or if there is no conservator, any guardian except a guardian ad litem of a minor or incapacitated person, may exercise the same right to nominate, to object to another's appointment, or to participate in determining the preference of a majority in interest of the heirs and devisees that the protected person or ward would have if qualified for appointment.

(e) Appointment of one who does not have priority may be made only in formal proceedings except that appointment of one having priority resulting from renunciation or nomination may be made in informal proceedings. Before appointing one without priority, the court must determine that those having priority,

1 Home
Chamber Viewer
Legislature
Bills and Laws
Calendar
Committees
Legislative Divisions
Legislative Histories
News
Reports
Senators
Session Information
Transcripts
For Agencies
For Citizens
For Journalists
For Lobbyists
For Students and Teachers

**NEBRASKA**

*The official site of the Nebraska Unicameral Legislature*

# Nebraska Revised Statute 30-2333

Revised Statutes >> Chapter 30 >> 30-2333

🖶 Print Friendly

‹ 30-2332 | Chapter 30 Index | 30-2334 ›

**Chapter 30**

## 30-2333.

**Revocation by divorce or annulment; no revocation by other changes of circumstances.**

(a) For purposes of this section:

(1) Beneficiary, as it relates to a trust beneficiary, includes a person who has any present or future interest, vested or contingent, and also includes the owner of an interest by assignment or other transfer; as it relates to a charitable trust, includes any person entitled to enforce the trust; and as it relates to a beneficiary of a beneficiary designation, refers to a beneficiary of an insurance or annuity policy, of an account with POD designation as defined in section 30-2716, of a security registered in beneficiary form, of a pension, profit-sharing, retirement, or similar benefit plan, or of any other nonprobate transfer at death;

(2) Beneficiary designated in a governing instrument includes a grantee of a deed, a beneficiary of a transfer on death deed, a transfer-on-death beneficiary, a beneficiary of a POD designation, a devisee, a trust beneficiary, a beneficiary of a beneficiary designation, a donee, appointee, or taker in default of a power of appointment, and a person in whose favor a power of attorney or a power held in any individual, fiduciary, or representative capacity is exercised;

(3) Disposition or appointment of property includes a transfer of an item of property or any other benefit to a beneficiary designated in a governing instrument;

(4) Divorce or annulment means any divorce or annulment, or any dissolution or declaration of invalidity of a marriage, that would exclude the spouse as a surviving spouse within the meaning of section 30-2353. A decree of separation that does not terminate the status of husband and wife is not a divorce for purposes of this section;

(5) Divorced individual includes an individual whose marriage has been annulled;

(6) Governing instrument means a deed, a will, a trust, an insurance or annuity policy, an account with POD designation, a security registered in beneficiary form, a transfer on death deed, a pension, profit-sharing, retirement, or similar benefit plan, an instrument creating or exercising a power of appointment or a power of attorney, or a dispositive, appointive, or nominative instrument of any similar type, which is executed by the divorced individual before the divorce or annulment of his or her marriage to his or her former spouse;

(7) Joint tenants with the right of survivorship and community property with the right of survivorship includes co-owners of property held under circumstances that entitle one or more to the whole of the property on the death of the other or others, but excludes forms of co-ownership registration in which the underlying ownership of each party is in proportion to that party's contribution;

(8) Payor means a trustee, an insurer, a business entity, an employer, a government, a governmental agency or subdivision, or any other person authorized or obligated by law or a governing instrument to make payments;

(9) Relative of the divorced individual's former spouse means an individual who is related to the divorced individual's former spouse by blood, adoption, or affinity and who, after the divorce or annulment, is not related to the divorced individual by blood, adoption, or affinity; and

# NEBRASKA LEGISLATURE

*The official site of the Nebraska Unicameral Legislature*

## Nebraska Revised Statute 30-2457

Revised Statutes  »  Chapter 30  »  30-2457

🖶 Print Friendly

‹ 30-2456 | Chapter 30 Index | 30-2458 ›

**Chapter 30**

🏠 Home

Chamber Viewer ▸

Legislature ▸

Bills and Laws ▸

Calendar

Committees ▸

Legislative Divisions▸

Legislative Histories

News

Reports ▸

Senators ▸

Session Information

Transcripts

For Agencies

For Citizens

For Journalists

For Lobbyists

For Students and
Teachers

### 30-2457.

**Special administrator; appointment.**

A special administrator may be appointed:

(1) informally by the registrar on the application of any interested person when necessary to protect the estate of a decedent prior to the appointment of a general personal representative or if a prior appointment has been terminated as provided in section 30-2452.

(2) in a formal proceeding by order of the court on the petition of any interested person and finding, after notice and hearing, that appointment is necessary to preserve the estate or to secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act. If it appears to the court that an emergency exists, appointment may be ordered without notice.

### Source

📖 Laws 1974, LB 354, § 135, UPC § 3-614.

### Annotations

An order denying a petition for a special administrator under this section and a concurrent request under this section for an order restraining the personal representative of the decedent's estate is a final, appealable order. In re Estate of Anderson, 311 Neb. 758, 974 N.W.2d 847 (2022).

A probate court's denial of an application for the appointment of a special administrator, brought pursuant to subsection (2) of this section, is a final, appealable order within the meaning of section 25-1902. In re Estate of Muncillo, 280 Neb. 669, 789 N.W.2d 37 (2010).

A special administrator is necessary to preserve an estate or secure its proper administration only when the personal representative is not lawfully fulfilling his or her duties under the Nebraska Probate Code, and at a minimum, requires an allegation that the personal representative is perpetrating fraud, has colluded with another to deprive the estate of a potential asset, or cannot act to preserve the estate, or the existence of some other equitable circumstance, plus some evidence of the personal representative's alleged dereliction of duty. In re Estate of Muncillo, 280 Neb. 669, 789 N.W.2d 37 (2010).

When an estate lacks a personal representative, this section anticipates the problem by providing for the appointment of a special administrator to administer an estate when a personal representative cannot or should not act. Thus, devisees do not have standing to sue on behalf of an estate merely because the estate lacks a personal representative. In re Estate of Hedke, 278 Neb. 727, 775 N.W.2d 13 (2009).

In the absence of evidence, no emergency basis under this section can be established upon which a county court could base its suspension of a personal representative and the appointment of a temporary special administrator. In re Estate of Cooper, 275 Neb. 322, 746 N.W.2d 663 (2008).