IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH W. CLARK, | |
| Plaintiff, | 4:24CV3105 |
| vs. | |
| CAPITAL HUMANE SOCIETY, OFFICER STEEN #93, Animal Contro; OFFICER FINELLI #84, Animal Contro; OFFICER BOMDERGER #86, Animal Contro; and RICK TAST, City Attorney Office; | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Kenneth W. Clark ("Plaintiff"), a non-prisoner, filed a pro se Complaint on June 3, 2024, Filing No. 1; a motion to appoint counsel, Filing No. 6; two documents titled "Motion for Return of Property," Filing No. 12 & Filing No. 13; a document titled "Motion to Claims," Filing No. 14; a document titled "Motion to Court Contempt," Filing No. 16, a document titled "Motion to Review Claims," Filing No. 17; and a document titled "Motion of Due Process Protection," Filing No. 19. Plaintiff was granted leave to proceed in forma pauperis. Filing No. 7.

As an initial matter, it appears that Plaintiff seeks to serve defendants with a summons and/or Complaint in the Motion to Court Contempt, the Motion to Review Claims, and the Motion of Due Process Protection. See Filing No. 16, Filing No. 17, Filing No. 19. Aside from referencing service of the Complaint and issuing summons, the remainder of these motions do not appear to seek any ascertainable relief. As such the Court construes all of these motions as motions for summons and service.

"Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in *in forma pauperis* [non-prisoner and] prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b)." *See Welch v. Byrd*, No. 4:23CV3186, 2024 WL 3292696, at *1 (D. Neb. July 3, 2024) (quoting *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (internal citation omitted)).[1] As the Court has yet to perform an initial review of the Complaint, any motion seeking issuance of summons and service of the Complaint is premature and must be denied.

Plaintiff also seeks the appointment of counsel, arguing he is entitled to such appointment under "disable act," military law, and both due process and equal protection. Filing No. 6. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Moreover, to the extent Plaintiff argues appointment of counsel is required under the Americans with Disabilities Act, Plaintiff is incorrect. *See e.g. Hunter v. Beck*, 244 F. App'x 848, 852 (10th Cir. 2007)

---

[1] Under the statute, following the granting of a motion to proceed in forma pauperis, a court must review and dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2

(finding that disabilities even under the Americans with Disabilities Act do not automatically require appointment of counsel). As Plaintiff has failed to cite to any of the criteria under which appointment of counsel may be appropriate, Plaintiff's motion for appointment of counsel shall be denied.

Plaintiff also filed both Motions for Return of Property and the Motion to Claims, and, while largely nonsensical, the motions appear to attempt to supplement (or potentially amend) the claims and relief sought in his current Complaint. *See* Filing No. 12 (seeking injunctive relief and adding claims of theft and "trespass estate of property"); Filing No. 13 (seeking to add claims under federal disability law and claims for "fraud false reporting"); Filing No. 14 (seeking to add claims for "false alleging" and claims under federal disability law). To the extent Plaintiff seeks to supplement his Complaint these motions shall be granted and shall be considered supplemental to the Complaint when the Court performs its initial review.

Finally, to the extent Plaintiff did not seek to supplement his Complaint in his first motion to amend but instead intended to seek leave to amend his Complaint, leave to amend is granted. **The Court notes that an amended complaint will supersede, not supplement, the previously filed Complaint and Supplements. Plaintiff must include all of the claims he wishes to pursue against all of the individuals named as defendants in this case that he wishes to proceed against in his amended complaint, without relying upon or incorporating by reference any allegations made in the original complaints. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when and where the defendant did it, and how the defendant's actions harmed him.**

3

IT IS THEREFORE ORDERED that:

1. The Motion to Appoint Counsel, Filing No. 6, is denied without prejudice.

2. The Motion to Court Contempt, Filing No. 16, the Motion to Review Claims, Filing No. 17, and the Motion of Due Process Protection, Filing No. 19, which this Court construes as motions for issuance of summons and service of process, are denied without prejudice as premature.

3. The Motion for Return of Property, Filing No. 12, Motion to Return of Property, Filing No. 13, and Motion to Claims, Filing No. 14, are granted to the extent they shall be considered as supplementing the Complaint.

4. Alternatively, the Motion for Return of Property, Filing No. 12, Motion to Return of Property, Filing No. 13, and Motion to Claims, Filing No. 14, are granted to the extent Plaintiff sought leave to amend his Complaint. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against each Defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint within the time allotted for compliance, this Court shall perform its initial review of the Complaint and Supplements.[2]

5. The Clerk's Office is directed to send to Plaintiff a copy of the civil complaint form.

6. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **April 30, 2025:** Check for amended complaint.

---

[2] After Plaintiff file an amended complaint or the time to do so has passed, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 31st day of March, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court